UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *George T. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 24-0117-CDA

Dear Counsel:

On January 12, 2024, Plaintiff George T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on June 18, 2020, alleging a disability onset of May 1, 2001. Tr. 314-25. Plaintiff's claims were denied initially and on reconsideration. Tr. 203-34, 237-50. On September 20, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 20-44. Following the hearing, on March 2, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 162-88. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on January 12, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*George T. v. Dudek*
Civil No. 24-0117-CDA
March 28, 2025
Page 2

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since May 1, 2001, the alleged onset date." Tr. 167. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "spine disorder; chronic obstructive pulmonary disease; asthma; bipolar disorder; depressive disorder; and anxiety disorder." Tr. 167. The ALJ also determined that Plaintiff suffered from the non-severe impairments of gastro-esophageal reflux disease ("GERD"), hyperlipidemia, mild osteoarthritis of the right knee, migraines, and vision impairment. Tr. 168-69. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 169. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can frequently climb ramps or stairs and cannot climb ladders, ropes or scaffolds; and can occasionally balance, stoop, kneel, crouch or crawl. He can have no more than occasional exposure to extreme temperatures, humidity, fumes, odors, dusts, gases, poor ventilation, etc., hazards (such as dangerous machinery and unprotected heights), and loud noise. He is limited to occasional interaction with co-workers and the public. He can maintain concentration, persistence and pace in at least 2 hour increments then will be off task but off task time can be accommodated by normal breaks.

Tr. 173. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy. Tr. 182. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 183.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept

*George T. v. Dudek*
Civil No. 24-0117-CDA
March 28, 2025
Page 3

as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ failed to comply with the Fourth Circuit's directives in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 11, at 7; *see* ECF 16, at 1-2. Specifically, Plaintiff avers that, after having determined at step three that Plaintiff had a moderate limitation in maintaining concentration, persistence, or pace ("CPP"), the ALJ failed to "either include a corresponding limitation in her RFC assessment or explain why no such limitation is necessary." ECF 11, at 9; ECF 16, at 2-5. Second, Plaintiff argues the ALJ failed to apply the proper legal standards when assessing and documenting Plaintiff's exertional capacity. *Id.* at 14-23. Defendant counters that (1) the ALJ's RFC properly accounts for Plaintiff's mental impairments and (2) substantial evidence supports the ALJ's assessment of Plaintiff's exertional limitations, allowing for judicial review. ECF 15, at 6-23.

A claimant's RFC represents "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.*

Specific to a limitation in the functional area of CPP, an ALJ must then expressly account for such limitation, or explain why no limitation exists, in the function-by-function analysis. *Mascio*, 780 F.3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at 121–22. However, an ALJ may

*George T. v. Dudek*
Civil No. 24-0117-CDA
March 28, 2025
Page 4

accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017). Where an ALJ finds that a "plaintiff [i]s moderately limited in CPP, the ALJ must account for those limitations in the RFC or explain how plaintiff could maintain CPP while performing simple, routine tasks." *Everlena G. v. Kijakazi*, No. DLB-20-0784, 2021 WL 3912277, at *3 (D. Md. Sept. 1, 2021).

Here, at step three, the ALJ concluded that Plaintiff had a moderate CPP limitation. Tr. 172. The ALJ apparently accommodated for Plaintiff's mental impairments by limiting him to "occasional interaction with co-workers and the public. He can maintain concentration, persistence and pace in at least 2 hour increments then will be off task but off task time can be accommodated by normal breaks." Tr. 173.

Defendant argues that under *Shinaberry*, the ALJ "provided a more than adequate discussion, supported by substantial evidence, to indicate how the RFC," limiting Plaintiff to occasional interaction with co-workers and the public as well as normal scheduled breaks, "accounted for his mental impairments," further asserting that Plaintiff had not "shown that additional limitations are necessary." ECF 15, at 8-14. While *Shinaberry* rejected "a categorical rule that requires an ALJ to always include moderate limitations in [CPP] as a specific limitation in the RFC," the Court affirmed that absent such limitations in the RFC, an ALJ must explain why no such limitation is necessary. *See Shinaberry*, 952 F.3d at 121.

As an initial matter, the Court finds that the RFC's limitation to "occasional interaction with co-workers and the public[,]" fails to accommodate Plaintiff's moderate CPP limitation. *See* Tr. 173. This limitation appears to accommodate Plaintiff's moderate limitation in interacting with others, rather than his moderate CPP limitation. Tr. 172; *see Henry v. Berryhill*, No. BPG-17-0057, 2018 WL 558839, at *3 (D. Md. Jan. 25, 2018) (remanding when the ALJ's decision only contained a limitation for the Plaintiff's moderate social functioning but not for Plaintiff's moderate CPP limitation when the ALJ limited Plaintiff to simple, routine, repetitive work with few to non-workplace changes).

Plaintiff correctly observes that the RFC does not adequately accommodate his CPP limitation by accommodating time off-task with normal scheduled breaks. ECF 11, at 12. This Court has recognized that such a limitation alone is insufficient to account for moderate CPP limitations because normal breaks are customary even for workers *without* CPP limitations. *See Richardson v. Berryhill*, No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018) ("The ALJ's finding that [claimant] can perform work in two-hour increments with normal breaks does not adequately account for [his] ability to concentrate and stay on task."); *Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (noting that an ALJ's "restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation," and "does not account for any breaks in addition to those encompassed by a normal workday"); *see also* SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996) (noting that a normal workday consists of "a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals"). Thus, unless the ALJ

*George T. v. Dudek*
Civil No. 24-0117-CDA
March 28, 2025
Page 5

adequately explained why Plaintiff's moderate CPP difficulties did not translate into a limitation in the RFC, *Mascio* and *Shinaberry* suggest remand. *See Shinaberry*, 952 F.3d at 121.

In portions of the ALJ's narrative, the ALJ described Plaintiff's attention and concentration as "decreased." Tr. 174-75, 178 (citing physical and mental state examinations from October 2020 and October 2022). The ALJ also noted that Plaintiff reported "he can pay attention for 'about 10 minutes' and does not finish what he starts." Tr. 172 (citing an adult function report from April 2021); *see* Tr. 172 ("[T]he medical evidence of record also indicates [Plaintiff] exhibited decreased attention and concentration at times."). Additionally, the ALJ found partially persuasive the reconsideration state agency opinion, Tr. 179-80, who opined that Plaintiff was moderately limited in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; however, Plaintiff "retains the ability to . . . sustain focus," Tr. 124-26. The ALJ concluded that they "agree[d]" with the opined "mental limitations generally[.]" Tr. 180.

In other areas of the ALJ's decision, the ALJ gave partial weight to prior administrative findings of a different ALJ who determined that Plaintiff had a moderate CPP limitation and limited Plaintiff to "short and simple routine instructions and tasks performed in a work environment free of fast-paced production requirements, involving only simple work-related decisions and infrequent and gradual workplace changes." Tr. 179. The instant ALJ determined that more recent mental health records "indicate functioning is mostly within normal limits" and found that Plaintiff is "somewhat less limited in understanding and remembering and in interaction than [the prior ALJ] found." Tr. 179. The ALJ also noted that "evidence of panic attacks is not present in the current evidence." Tr. 179. As to Plaintiff's moderate CPP limitation, the instant ALJ found that Plaintiff "is somewhat less limited in maintaining [CPP] than" the prior ALJ determined because "while there are some indications of decreased concentration during physical/neurological exams, mental health records generally find concentration and attention to be intact." Tr. 179.

The Court cannot determine, based on these statements or by reviewing the remainder of the decision, the ALJ's basis for concluding that Plaintiff's moderate CPP limitation does not necessitate a corresponding limitation in the RFC. Defendant asserts that the ALJ cited the "medical records, prior administrative medical findings, Plaintiff's own subjective statements, and Plaintiff's activities of daily living, in supporting the [RFC] finding and concluding that additional limitations were not necessary." ECF 15, at 13. Specifically, the Defendant, in support of their position that the ALJ provided an adequate explanation, cites to the ALJ's finding that Plaintiff was "somewhat less limited in maintaining [CPP] than the prior ALJ" found. *Id.*, at 11.

Contrary to Defendant's assertion otherwise, the ALJ does not explain how Plaintiff's "somewhat less" limitation in CPP translates to excluding a CPP limitation in the RFC altogether. While the record evidence may support the ALJ's finding that Plaintiff's RFC does not warrant any additional limitations pertaining to Plaintiff's CPP difficulties, the issue in this case is "not whether the record contains evidence that might support the ALJ's conclusions [but] whether the

*George T. v. Dudek*
Civil No. 24-0117-CDA
March 28, 2025
Page 6

ALJ explained the apparent discrepancy between [the] step three finding and [the] RFC assessment." *Talmo v. Comm'r, Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015). Here, as in *Talmo*, the ALJ's decision lacks the necessary explanation of how (if at all) Plaintiff's moderate (or "somewhat less[er]") difficulties in CPP warrant corresponding limitations in the RFC.

Although there is no per se rule requiring remand when an ALJ fails to analyze a function, remand is appropriate when an ALJ fails to evaluate a "relevant" function. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388-89 (4th Cir. 2021). Here, the ALJ's finding that Plaintiff has a moderate CPP limitation triggered a duty to either address CPP in the RFC assessment or explain why doing so is unnecessary. *Mascio*, 780 F.3d at 638. Given the relevance of CPP to Plaintiff's case, the ALJ's failure to explain how Plaintiff's moderate CPP limitation does not warrant a corresponding limitation in the RFC is an error that warrants remand. *See Dowling*, 986 F.3d at 389.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.  CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge